CASE No. 887.

MOORE v. PARKER.

1. Where a Circuit decree gives a homestead to a widow, this court will not assume that she was not the head of a family, the appeal-brief only showing that she had no children.
2. A widow without a family of her own, is herself the family of her deceased husband, and as such, is entitled to a homestead exemption out of his property as against his debts.

---

Before FRASER, J., Colleton, October, 1879.

This was a petition by Dora W. Moore to the Court of Probate, alleging that the estate of her deceased husband, R. T. Moore, was insolvent, and praying that a homestead might be admeasured to her out of her husband's lands, and an exemption of his personalty be also assigned her. This was resisted by the administrator, who was also a creditor. The Court of Probate ordered a writ of admeasurement to issue, and the administrator appealed to the Circuit Court.

The Circuit decree is as follows:

This case was heard by me at the term of the Court of Common Pleas for Colleton county, in October, 1879, on an appeal from an order of the judge of Probate, directing that a writ do issue to set off a homestead for the petitioner.

R. T. Moore died intestate, in the year 1878, leaving no children, but the petitioner, his widow, surviving him. The appeal has been taken by James H. Parker, the administrator of R. T. Moore, the intestate. No question was raised as to the jurisdiction of the judge of Probate. The only point made was, that a widow is not the head of the family unless she has children.

An unmarried man is not the head of a family, unless made such by having children, or perhaps other members of a household around him, constituting a family, and is not, therefore, if without a family, entitled to homestead. I can see no reason why a widow, or other unmarried woman, should be entitled to homestead, unless she have children, or perhaps other persons around her constituting a family.

But this disability exists as to the unmarried man only so far as his *own* debts are concerned; and so a woman who is unmarried, and not the head of a family, cannot claim homestead against her *own* debt. It is quite a different thing when an attempt is made to subject the property of the husband to his own debts. In this case, the wife, if there are no children, is the family, and if the husband be dead, then the widow is herself the family. The right of exemption attached to the property in the lifetime of the husband, and continues after his death, as well in favor of the widow as of the widow and children.

The mode of setting off the homestead for the widow is prescribed in Section 83, A. A. 1873, p. 372, and application was properly made to the judge of Probate. It is ordered and adjudged that the order of the judge of Probate be made the judgment of this court, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the same.

From this decree, the administrator, J. H. Parker, appealed.

*Mr. T. M. Mordecai,* for appellant, cited *Thomp. on Homest.* 44, 45; 31 *Texas* 680; 5 *S. C.* 500; 42 *Geo.* 406.

*Mr. J. D. Pope,* contra, cited the statutes upon the subject of homesteads. 2 *S. C.* 227, 311; 3 *S. C.* 227; 8 *S. C.* 97; 11 *Nev.* 260; 90 *Ill.* 250.

May 18th, 1880. The opinion of the court was delivered by

McIVER, A. J. This is an appeal from the judgment of the Circuit Court affirming a decree of the judge of Probate, granting the prayer of the petitioner that a homestead be assigned to her out of her deceased husband's insolvent estate. The judge of Probate states that her claim was resisted by Parker, the administrator and principal-creditor, "*on the sole ground* of the petitioner being without child or children," and the Circuit judge says: "*The only point* made was, that a widow is not the head of the family unless she has children." In the case as thus presented, there cannot be a question of the correctness of the decision of the court below, as it is strictly in accordance with the decision of this court in the case of *Bradley* v. *Rodelsperger,* 3 *S. C.* 226, where it was held that the fact that a widow is childless is not, of itself, sufficient to deprive her of her right of homestead. The petitioner, though childless, might, nevertheless, have been the head of the family, and, as we are bound to assume that the judgment of the court below is correct until error is shown by the record as presented here, we would, if necessary, assume that it had been shown to the satisfaction of the court below, that the petitioner was the head of the family, inasmuch as the only question made in that court, as appears by the record presented

here, was whether it was necessary, in order to entitle a widow to claim a homestead exemption out of her husband's estate, against his debts, that she should have a child or children.

It is true that the counsel, in his notice of appeal, does state, as his ground for such appeal, that the petitioner "being without children, *and not the head of a family,*" is not entitled to the homestead exemption, and in his argument, says that the only question in the case is whether the petitioner, "the childless widow of R. T. Moore, deceased, *with no one—not even a servant—dependent upon her for support,* is the head of a family," &c.; but these additional facts—that the petitioner is not the head of a family, and has no one living with her dependent upon her for support—not appearing in the "case," as prepared for this court, are not properly before us for consideration, and certainly should not be allowed to have the effect of reversing a Circuit decision, made, as we must assume, in the absence of such facts. If a statement had been inserted in the "case," to the effect that there was no evidence tending to show that the petitioner was the head of a family, or that she had any one living with her dependent upon her for support, the way would then have been open to consider the question argued by the counsel for the appellant. This court can only review the judgment of the Circuit Court for the purpose of ascertaining whether it has committed any error in applying the law to the facts as presented in that court, and these facts we can only learn from the "case" as agreed upon, or settled for argument here, and not from *ex parte* statements made by counsel, either in their grounds of appeal or in their arguments.

But, even assuming the facts to be as represented, we are still of opinion that there was no error in the Circuit decision. It appears from the decree of the judge of Probate, that R. T. Moore occupied the premises in which the homestead is claimed as a family residence, up to the time of his death, and since that time his childless widow, the petitioner, has continuously occupied the same premises, carrying on the same business of keeping a private boarding-house. Under this state of facts, there can be no doubt that, at his death, R. T. Moore, as the head of a family consisting of his wife, was entitled to a right of home-

stead for the benefit not of himself, but for the benefit of his family. By virtue of such right, his creditors would have been prevented from subjecting the homestead to the payment of their debts, and the same would have been protected from the process issued to enforce the payment of such debts. Does the fact of his death deprive his family, consisting, in this case, of his widow, of the protection which the constitution had secured to him *for the benefit of his family?* If so, then, upon the same principle, it might be argued that the death of a trustee would destroy the beneficial interests of the *cestui que trust*, for the protection of which the trust was created. If, as has been held in several of our cases, (*In re Kennedy*, 2 *S. C.* 227; *Howze* v. *Howze*, 2 *S. C.* 229; *Ex parte Strobel*, 2 *S. C.* 311), the object of protection which the constitution had in view was the family, the head of it being the mere representative, then it would seem to follow, necessarily, that the true intent of the constitution was, that this right of exemption, which undoubtedly existed in Moore at the time of his death, and which has since been adjudged to have been conferred for the benefit of his family, consisting of his wife, should continue after his death for the benefit of the same person. Such seems to have been the construction placed upon the constitution by the general assembly, at the first session held after the adoption of the constitution, who were required, by the express terms of that instrument, to enforce, by suitable legislation, the provisions relating to homestead; for by the act of 1868 (14 *Stat.* 20), it was provided that the right of homestead of the head of any family, existing at his death, should continue for the benefit of his family. Any other view would, it seems to us, manifestly violate the intention of the framers of the constitution, and lead to results which clearly were not contemplated or intended by them; for if the childless widow is denied the protection which was extended to her husband for her benefit, it is difficult to see how the same result could be avoided in case of a father dying, leaving no wife and only a single minor child.

As the Circuit judge has very properly remarked, if the claim set up here by the petitioner was a claim to a homestead exemption out of her own property, against her own debts, quite a

·different question would be presented. But when she simply ·claims an exemption which the constitution undoubtedly secured to her husband for her benefit, against his debts, we do not see ·any ground upon which it can be resisted.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.